HOWELL, J., recused.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ALFRED SHAW v. HOWELL et al.

The law regards the application for a mandamus as summary in its nature, and the answer in opposition thereto should contain a full written defence, whether it involves exception or merits.

The act ot 1857 having provided that "all the criminal expenses incurred in the different parishes of this State, by arrests, confinement, and prosecution of persons accused of crime, their removal to prison, the pay of witnesses, and all other expenses attending criminal prosecutions, except the pay of jurors, shall be paid by the State, upon the certificate of the Clerk and the presiding Judge of the several Courts of this State," the duties of the Auditor relative to accounts for such expenses thus certified, are ministerial and imperative, and he must issue his warrant on the Treasurer therefor. It would be otherwise, if the certificate of the Clerk and Judge should show upon its face that it was not drawn in accordance with the law, as, for instance, if it purported to be for fees in civil suits.

The 15th section of the Act of 1855, which gives the Sheriffs $100 per annum for their fees in criminal cases, did not intend this sum as their sole compensation. There are many services rendered by Sheriffs, which are not provided for in the fee bill.

The party convicted in a criminal case must be condemned to pay the costs, and after a return of nulla bona, or after the Clerk and Judge are satisfied by sufficient evidence that the convict has no property, then the State becomes responsible for the costs.

APPEAL from the Fifth District Court of New Orleans, *Leaumont*, J. *Whitaker*, *Fellows & Mills*, for plaintiff. *Thos. H. Hewes*, for defendant and appellant.

JONES, J. The Sheriff of the Parish of Orleans sued out a writ of mandamus against the Comptroller and Treasurer of the city of New Orleans, to show cause why a warrant should not issue in his favor for a certain sum of money predicated upon a voucher approved by the Clerk and Judge of the First District Court of New Orleans, pursuant to statute in such case made and provided. The Comptroller and Treasurer, for cause, against the issuing of the mandamus, filed exceptions only to the form of the proceedings. These exceptions being overruled, the Comptroller and Treasurer ask further leave to answer, which was refused by the Court. From the judgment rendering the mandamus peremptory against the Comptroller and Treasurer, the City of New Orleans took this appeal. The exceptions filed by the Comptroller and Treasurer were properly overruled, and the Court did not err in the exercise of its sound discretion,

in refusing defendants additional pleadings. The law regards the application for a mandamus as summary in its nature, and the answer in opposition thereto should contain a full written defence, whether it involves exception or merits. The splitting up of a defence should not be tolerated in practice.

We now propose to examine the case on its merits.

This case, in all its aspects, presents the same state of facts to warrant the interposition of writ of mandamus, and under a similar statute as that decided by this Court, after a very elaborate and learned argument of counsel in the case of *E. T. Parker, Sheriff,* v. *E. W. Robertson, Auditor,* 14 An. p. 249. In the Parker case, the act passed by the Legislature in 1857, was authority which justified the State Auditor to issue the warrant in favor of the Sheriff. Under a subsequent statute the Legislature authorized the Comptroller and the Treasurer of the city of New Orleans, the one to issue and the other to pay a warrant in favor of the Sheriff, upon his producing his account for his fees and the like, as prescribed by law, certified and approved by the Clerk and Judge of the First District Court of the city of New Orleans. This having been done, the warrant should have issued for the amount of the account so certified and approved. The peremptory mandamus herein was properly issued. It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, with costs.