## No. 10,077.

MERCHANTS' MUTUAL INSURANCE COMPANY VS. BOARD OF ASSESSORS, ET AL.

Neither the State nor the city of New Orleans can be required to give an appeal bond. The State Tax Collector and the Board of Assessors are State functionaries, and their appeal is the appeal of the State, and no bond is necessary to perfect it.

Sec. 13 of Act 96 of 1882, which provides for the filling by each taxpayer of a list of his property, to be delivered to the assessor, is not mandatory. It provides no penalty for non-compliance, and cannot produce the effect of shutting out the taxpayer from all relief, owing to his omission.

It is unnecessary to adduce evidence to justify an assessment apparently legally made. It stands until it is shown to be erroneous by satisfactory proof.

Assessors ought not to permit assessments to be made by others. Their sworn duty is to value the property themselves.

The rule is well settled as regards corporations, that they are liable to assessment only for the excess of the market value of their capital stock over and above that of its tangible property otherwise assessed and taxed.

Satisfactory proof that an assessment of the taxable property of a corporation is unwarranted and excessive, justifies a reduction to a reasonable amount.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

W. S. Benedict for Plaintiff and Appellee.

W. H. Rogers, City Attorney, and Wynne Rogers, Assistant City Attorney, for Defendants and Appellants.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. This is a suit for the reduction of assessment on the property described in the petition.

The city of New Orleans, the State Tax Collector and the Board of Assessments were made defendants.

There was judgment in favor of the plaintiff, from which the defendants appealed.

The motion to dismiss the appeal is, substantially, on the ground that there is no bond of appeal filed and none required by the order of appeal.

It is evident that the real and only parties in interest in this litigation are the plaintiff and the State and city of New Orleans. The Tax Collector is a State official and the Board of Assessors a State functionary. Neither the State nor the city of New Orleans are required to give an appeal bond; they are expressly exempted from any such requirement, and as the defendants are representatives of one or the other, there is no significance whatever in the omission of such bond.

The motion is, therefore, denied.

## ON THE MERITS.

BERMUDEZ, C. J. This is a proceeding for a reduction of assessments of property, as excessive and illegal.

From a judgment making the reduction this appeal is taken.

The evidence shows that seasonable application was made for the reduction, but that it was not allowed. On appeal to other authority no relief was had.

It is established by the president, the secretary and the cashier of

the company that the statement which they handed is a correct exhibit of the taxable property of the corporation and of the value thereof.

The stock was assessed at its cash or market value, 55 on a par value of 100—$330,000. After deduction of the real estate, etc., $223,000, and of various stocks owned in different corporations, $41,000, the balance was $65,000, all in round figures.

This would appear to be sufficient to justify the relief asked.

The defence, however, in the shape of a peremptory bar, is that the plaintiff has not complied with Section 13 of Act No. 96 of 1882, which provides for the filling out by each taxpayer of a list of his property.

It may be that this direction was not followed, but to the omission the law has attached no penalty. The provision is not mandatory, and failure to comply with it cannot have the effect of shutting out plaintiff from the relief asked.

The rule is well settled that corporations are liable to assessments only for the excess of the market value of their capital stock and above that of its tangible property. 31 Ann. 475; 3 Ann. 20; 34 Ann. 618.

It is also well established that assessments legally made are *prima facie* correct, and stand until shown to be erroneous by substantial evidence.

There was, then, no necessity for the defence to have shown how and why the assessments were made in this case, unless in rebuttal; but the testimony of the witness produced proves that *he*, a mere clerk, made the assessments, which afterwards were accepted and placed upon the rolls.

It may well be here to observe that assessors ought not to permit assessments to be made by irresponsible parties, when the law imposes that duty upon them, and they have sworn to perform it.

That testimony shows the ways and means by which the witness arrived at the valuation of the taxable property of the plaintiff corporation. They are clearly at variance with the law and do not realize the true condition of things. Even were that testimony lucid and intelligible, which it is not, far from supporting, it would only be destructive of the assessments complained of.

The district judge correctly found that the reduction asked was reasonable and proper, and, adding to the net value of the stock that of the real estate, concluded that the total of assessment should be $288,683 50, and that the tax thereon should be accepted without interest or penalty.

Judgment affirmed.