MONROE, J.
In the matter of Joseph Dugué v. Samuel Levy, 37 South. 995,i this court, after considering and disposing of certain issues, rendered judgment as follows:
“The judgment appealed from is therefore set aside, and the cause is remanded for further trial as herein indicated; plaintiff to pay the costs of the appeal, and' the costs of the lower court to await the final determmauon of the cause.”
The plaintiff now prays that the trial judge be directed by mandamus “to hear and take into consideration the evidence, both oral and documentary, already had and received in said cause, to hear and pass on all testimony excluded by him on the former trial of said cause, and to render, after considering the evidence, oral and documentary, on file, * * *, and all additional evidence to be offered on the subject-matter di rected by this honorable court, such judgment as the law and said evidence shall justify.”
The respondent judge, as also the “opposing party,” invoke rule 12, § 2, of this court (21 South, xi), which reads:
*56 “The court will entertain no application for .writs of prohibition, mandamus, and the like, unless previous notice of intention to make such application shall have been given to the presiding judge of the lower court and to the opposing party; the service of such notice shall be made to appear by affidavit.”
They then proceed to show cause why the application, if entertained, should not be granted. Counsel for relator admits that no notice was given of the intention to apply for the writ, but argues that, inasmuch as the respondents, after excepting on that ground, have answered to the merits, they have waived the exception. If, however, the view thus suggested should prevail, the rule relied on by respondents could never be successfully invoked by those entitled to the notice contemplated by it, unless they should choose to abandon all defenses on the merits, and rely exclusively upon the exception, since in applications such as this all matters of exception and defense are required to be pleaded at the same time. Shaw v. Howell, 18 La. Ann. 195. We do not think, under these circumstances, that the respondents should be held to have waived the exception by pleading to the merits.
It is therefore ordered, adjudged, and decreed that the preliminary order herein made be revoked, and this proceeding dismissed, at the cost of the relator.