(70 South. 47)

No. 21,632.

DAVIS v. SAFETY FIRST OIL CO., Inc.

In re SAFETY FIRST OIL CO., Inc.

(Nov. 2, 1915.)

*(Syllabus by the Court.)*

1. COURTS ⬤209—SUPREME COURT—APPLICATION FOR WRIT—NOTICE.

The purpose of the requirement, contained in rule 15 of this court (67 South. xi),[1] that previous notice of the intention to apply for writs of mandamus, etc., shall be given to the judge * * * and to the opposing party or his counsel, is to enable the real party in interest to present the case from his point of view and bring to the attention of the court such facts and propositions of law, bearing upon the questions involved in the application, as may have been omitted therefrom; and the party in interest as well as the judge, is allowed the delay, between the service of the notice and the return day, within which to make, and supplement, his return; the meaning of the rule, that all matters of exception and defense shall be pleaded at the same time, being that they shall be pleaded on or before the return day, when the application is required to be submitted.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 618; Dec. Dig. ⬤209.]

2. COURTS ⬤209—SUPREME COURT—APPLICATION FOR WRIT—NOTICE OF INTENTION—WAIVER.

A clerk of court, made respondent in an application for mandamus, prohibition, or certiorari, may no doubt, by his answer, waive the previous notice of intention to make such application, required by rule 15 of this court (67 Couth. xi);[1] but he has no capacity to waive the notice to which the litigant and sole party in interest is entitled.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §,618; Dec. Dig. ⬤209.]

Action by R. W. Davis against the Safety First Oil Company, Incorporated. An order dissolving injunction was rescinded, and defendant applies for writ of mandamus to compel granting of suspensive appeal. Application dismissed.

Foster, Looney & Wilkinson, of Shreveport, for relator. J. C. Pugh & Son, of Shreveport, for respondent. J. W. Oglethorpe, of Coushatta, pro se.

Statement of the Case.

MONROE, C. J. This is an application by the Safety First Oil Company, Incorporated, defendant in the above-entitled suit, for a writ of mandamus to compel the clerk of the district court for the parish of Red River to grant a suspensive appeal from an order, made by the judge, rescinding a previous order, made by the clerk (in the absence of the judge from the parish), dissolving, on a bond to be furnished by relator, a writ of injunction which the judge had issued, at the instance of the plaintiff, prohibiting defendant (relator herein) from proceeding with the drilling of an oil and mineral well upon a

[1] 136 La. xii.

certain tract of land; the prayer of relator, in the alternative, being that the proceedings leading to the order of rescission be reviewed, by means of a writ of certiorari, and decreed to be void.

The case disclosed by relator's petition and exhibits is briefly as follows:

In February, 1913, plaintiff, Davis, obtained an oil and mineral lease from Robert Williams of certain tracts of land in the parish of Red River. In March following Williams brought suit to set the lease aside, and obtained judgment to that effect, from which judgment Davis took a suspensive appeal, which is now lodged in this court, awaiting hearing. In August, 1915, relator became the transferee of a similar lease of 10 acres of the land in question, which Williams had made to J. C. Orr in January, 1915, and caused a derrick to be erected thereon and drilling to be done in the search for oil. Plaintiff thereupon instituted suit and obtained a preliminary ex parte injunction prohibiting the work; the writ having been issued by order of the judge. A few days later, the judge being absent from the parish and the court being in vacation, defendant in injunction (relator herein) obtained from the clerk an order for the dissolution of the injunction, upon its furnishing bond in an amount fixed by the clerk, and the bond was furnished and approved. A few days later still the judge held court, without notice to relator, and by an ex parte order rescinded the order of dissolution, which had been made by the clerk, and reinstated the injunction. Relator then (the judge being absent from the parish) applied to the clerk for an order of appeal from the order or decree so made by the judge, and the clerk declined to grant the appeal, on the ground that he had been instructed by the judge to make no further orders in the case. Relator then presented to this court the application which we are now considering, and a rule nisi was issued, directing the clerk to show cause why the mandamus prayed for should not be granted. The order for the rule was made on September 17th, and the rule was made returnable on October 7th. The clerk made a return on September 22d, to the effect that he knows of no reason why the appeal should not be granted. On September 27th, plaintiff (Davis), through his counsel, also made a return, showing cause why the writ should not issue and why this proceeding should be dismissed, as follows, to wit:

That relator gave no notice to the opposing party or his counsel of its intention to apply for the writ, and its petition does not so show, though such is the requirement of rule 15 of this court (67 South. xi);[2] that the drilling of the well by relator upon the land, the mineral rights upon which are in dispute in the suit, now pending on suspensive appeal, between plaintiff and the owner will render the appeal nugatory, drain the land of its oil, and inflict upon plaintiff an irreparable injury; that the clerk of the court was without authority to make the order for the dissolution of the injunction, and his action in the premises was without legal effect.

Relator moves to strike out plaintiff's return, on the ground that all exceptions and matters of defense are required to be presented at the same time in a proceeding of this character, and that, the clerk having made his return on September 22d, it was incompetent for plaintiff thereafter to set up the matters pleaded by him.

### Opinion.

[1] Rule 15 of this court reads:

"Section 1. No application for an original writ, such as mandamus, prohibition, certiorari, writ of review, or the like, or for a rule nisi in such case, shall be entertained by the court, or any of its members, unless previously filed and docketed in the clerk's office, and unless previous notice of the intention to make such application shall have been given to the judge, or judges, of the inferior court, if he, or they,

[2] 136 La. xii.

be made respondents, *and to the opposing party, or his counsel;* the service of such notice to be made to appear by the affidavit of the applicant or his counsel.

"Section 2. When an alternative writ, or rule, such as is referred to in the preceding section, shall have been issued, the question involved shall be submitted for decision on the return day, upon such printed briefs as the parties may file, and without oral argument." (Italics by the court.)

The purpose of the foregoing requirement —that notice of the intention to make an application such as this shall be given to the opposing party or his counsel, as well as to the judge—*is to enable the real party in interest* to present the case from his point of view and bring to the attention of the court such facts and propositions of law, bearing upon the question involved in the application, as may have been omitted therefrom; and the party in interest, as well as the judge, *is allowed the delay,* between the service of the notice and the return day, within which to make, and supplement, his return; the meaning of the rule, that all matters of exception and defense shall be pleaded at the same time, being that they shall be pleaded on or before the return day, when the application is required to be submitted.

[2] It does not appear from the face of the application in this case that notice of the intention to make it was given to either the clerk or the plaintiff, nor is it otherwise suggested that any such notice was given. Conceding that it was competent for the clerk, by his answer, to waive his right to the notice, he had no capacity to waive the right thereto which is conferred upon the plaintiff as the party in interest. Nor has the plaintiff waived that right by answering to the merits. Dugue v. Levy, 115 La. 83, 38 South. 902.

The application is therefore dismissed, at the cost of the applicant, without prejudice to any right that it may have to renew it upon giving the required notice.