LAND, J.
In 1894, the Hanson City Land Company, Limited, caused to be made and duly recorded a- plat of a large tract of land, fronting on the Mississippi river, in the parish of Jefferson, subdivided into blocks, lots, streets, boulevards, places, etc., naming the subdivision “Hanson City,” now within the corporate limits of the town of Kenner.
This suit was instituted by the town of Kenner to recover, as property dedicated to public use, a certain piece of ground, designated on said plat as “Hanson City Railway Park.”
The plat shows this park as bisected by a roadway extending from Park street to certain structures, representing the station of the Yazoo & Mississippi Valley Railroad.
The roadway curved in such a manner as to subdivide the park into two irregular shaped pieces of ground, somewhat in the form of triangles.
The defendant denied that the Hanson City Railway Park was ever dedicated to public use, and claimed ownership of the same by purchase from the Hanson City Land Company, Limited, on June 5, 1914, and called bis vendor in warranty.
For answer to the petition and call in warranty, the Hanson City Land Company, Limited, denied the alleged dedication, admitted the sale to the defendant, and averred that . be had a legal title to the so-called park.
The cause was tried, and judgment was rendered in favor of the defendant.
The town of Kenner appealed to the Court of Appeal for the parish of Orleans, which reversed the judgment below, and rendered judgment in favor of the plaintiff.
The case is before us on a writ of review.
[1,2] The question was dedication vel non of the park in the year 1894.
The Court of Appeal pointed out that the ground in controversy was styled a “park,” was laid out as a park, and for nearly 20 years the Hanson City Land Company never exercised, performed, or claimed any right of ownership or possession over the property.
The court held that the word “park” means primarily a public place, to the same degree that the word “street” signifies a public thoroughfare — citing City of New Orleans v. Carrollton Land Co., 131 La. 1094, 60 South. 695, where the designation on the plat was “Frederick Square.”
The Court of Appeal also cites Town of Vinton v. Lyons, 131 La. 674, 60 South. 54, where it was held that the recording of a plat with a vacant block marked “Park,” and the sale of lots according to the plat, is an irrevocable dedication of the park to public use.
The Court of Appeal continues as follows:
“The destination of the space as a park is emphasized by the adjacent street being ‘Park street,’ and the testimony, in this connection, to the effect that the company designated the street ‘park’ in honor of an employé of that name, is immaterial, as the ordinary meaning of the word is to be considered, and not the peculiar or special sense in which it was used by the company. Livaudais v. Municipality No. 2, 16 La. 509.
“And, moreover, the use of ‘Hanson City’ in the title of the square clearly suggests a municipal or public, and not a private, ownership, interest, or .use.
“But it is claimed that the presence of the word ‘Ry.’ or ‘Railway’ -materially affected the meaning of the title and clearly manifested an intention on the part of the warrantor to reserve to itself this property in order that it might thereafter sell or donate it to the Yazoo *79 & Mississippi Valley Railway _ Company as a private park adjacent to its station.
“But, as we have heretofore remarked, this title must be considered as a whole and its interpretation governed by the ordinary meaning its language conveys, and not by the latent intention of the warrantor. And thus considered it manifestly evidences a purpose to dedicate and not to reserve, and the sole significance that would readily attach to the word ‘Ry.’ would be that this particular park derived its distinguishing title from its proximity to the railroad.”
We make the folio wing excerpt from the opinion of the district judge:
“Taking into consideration the fact that it is named railway park, the fact that it has never been improved, used, or considered as public property, the fact that it had borne for more than twenty years its just proportion of taxes, and also taking in consideration the evidence of Mr. Leake, which in the mind of the court explains why the space was named ‘Hanson City Railway Park,’ the court can come to but one conclusion, and that is that the property was not dedicated to public use.”
The plat of 1894 shows the “Hanson City Railway Park” as a part of a square of ground fronting on “Park street,” and running back to the track of the Yazoo & Mississippi Valley Railroad, including the railroad station and other buildings.
On the same plat appear two parallel lines, niarked “New Orleans & Hanson City Electric Railway,” and two similar lines encircling most of the blocks, marked “Hanson City Belt Line.”
Such lines and words import dedications of rights of way for railroad purposes, and the term “Hanson City” indicates nothing more than locality.
So in the case at bar, the words “Hanson City” may be construed as meaning locality, and the word “Railway” as indicating the kind of park intended.
The facts and circumstances of the case warrant such a construction, and the testimony of Mr. Leake, the president of the Hanson City Land Company and the general attorney of the said. railroad, makes such construction imperative.
It is an undisputed fact that the ground in question was never used as a park or otherwise by the authorities of Hanson City or the town of Kenner.
It is also an undisputed fact that the so-called park was never occupied or used by the Yazoo & Mississippi Valley Railroad Company; and it is also an undisputed fact that the said piece of ground remained vacant until after it was sold by the Hanson Land Company to the defendant in the year 1914.
As before stated, on the face of the plat of 1894, the small park and the station of the Yazoo & Mississippi Valley Railway appear to be on the same square of ground.
Mr. Leake testified that the railroad company took possession of the whole square, less the small park, and declined to accept the latter, because of the expense of improving and beautifying the site.
Mr. Leake further testified that his company did intend to dedicate sufficient grounds for a railroad depot, and a small park, to beautify the grounds, as was customary among railroads.
Counsel for relators say in their brief:
“In the instant case, Mr. Leake testified positively that the word ‘Railway’ was used for the reason the dedication was to the Yazoo & Mississippi Valley Railway Company of a strip of land to beautify the depot grounds, and was not a dedication to the public of a public park.
“Mr. Leake has testified to this being a fact, and his testimony with the fact that the word ‘Railway’ was used, and that the space over which the words ‘Hanson City Railway Park’ appears on the map adjoins the depot.
“Unless the word ‘Railway’ was used for the purpose stated, then it has no meaning at all, and there was no purpose in its use. Such a conclusion is at variance with the conduct of the average human being. No one does a thing deliberately for no purpose. Assuming that there must be some reason for the use of the word ‘Railway,’ there can be no escape from the conclusion that it was intended to notify the public and prospective purchasers that the park was to be a railway park.”
An intention to dedicate property to public use must be clearly established, but such an intention may be shown by deed, by words, or by act. Cole et al. v. Minnesota *81 Loan Co., 17 N. D. 409, 117 N. W. 354, 17 Ann. Cas. 304.
In that case, the testimony of four of the original owners of the town site as to the intention of those interested in the enterprise to dedicate the open spaces as public parks was admitted and considered. 17 N. D. 409, 117 N. W. 354, 17 Ann. Cas. 309.
The cases cited by the Court of Appeal differ materially in their facts from the case at bar.
For the reasons stated, we are of opinion that the plaintiff has failed to prove that the space in question was dedicated to public use.
Whether the title to the park vested in the railroad company or remained in the land company does not concern the plaintiff town. •
It is therefore ordered that the judgment of Court of Appeal be set aside, and the judgment of the district court herein be affirmed, and that the plaintiff pay costs in both appellate courts.
SOMMERVILLE. J., concurs.