CHASEZ, Judge.
The question here presented for the Court’s decision is whether a suspensive appeal taken by the Director Department of Finance for the Parish of Jefferson should be dismissed because of his failure to post an appeal bond in accordance with Article 2124 of the LSA-Code of Civil Procedure.
Appellee, a building contractor, originally obtained an alternative writ of mandamus ordering the Director Department of Finance to show cause why certain sums of money should not be paid pursuant to a contract between appellee and the Parish of Jefferson. After a hearing in the lower court, judgment was rendered making the alternative writ peremptory, and ordered the Director to pay appellee the sum of $17,284.00, plus court costs. The Director filed a motion for a suspensive appeal in which he suggested that LSA-R.S. 13:-4581 relieved him of the responsibility of posting an appeal bond. The trial judge granted the Director a suspensive appeal *378 without bond. Hence, appellee has filed this motion to dismiss the appeal.
The general rule provides that a litigant who seeks to appeal suspensively from a money judgment must furnish security which exceeds by one-half the amount of the judgment plus accrued interest LSA-C.C.P. Art. 2124. Appellant, however, contends that he is exempt from this requirement by LSA-R.S. 13:4581, which provides that:
“State, parish and municipal boards or commissions exercising public power and functions shall not he required to furnish any appeal bond; or any other bond whatsoever in any judicial proceedings instituted by or brought against them.”
On the other hand, appellee contends that the Director of the Department of Finance for the Parish of Jefferson does not benefit from this statutory exemption because he is not included in the phrase “boards or commissions.”
We are of the opinion that appellee’s motion to dismiss should be denied. A search of the jurisprudence reveals that a liberal interpretation has been given the phrase “State, parish and municipal boards or commissions * * in the statute in question and its predecessor, Act 173 of 1902. In Town of Kenner v. Zito, 13 Orl. App. 465, reversed on other grounds, 141 La. 76, 74 So. 636, the court held that Act 173 of 1902 relieved an incorporated municipality of the responsibility of posting an appeal bond even though the act ostensibly applied only to boards or commissioners. The court reasoned as follows:
“Act 173 of 1902, p. 327, provides that State, Parish, and Municipal Boards exercising public powers or administering public functions shall not be required to furnish any bond whether of appeal or otherwise in any judicial proceeding instituted either by or against said board.
“In the case of Martin v. Board of Fire Commissioners of the City of New Orleans, 132 La. 188 [61 So. 197, 44 L.R.A.,N.S., 68] (191) the Supreme Court said:
“ ‘The first proposition for decision is that the act creating the Board of Fire Commissioners did not exempt it from giving bond for an appeal, that, as it did not give bond, the appeal should be dismissed. It is sufficient to state in regard to the appeal bond that under Act 173 of 1902, p. 327, all municipal boards or commissioners exercising public functions or performing administrative acts are exempt from furnishing bonds of appeal. The Board of Fire Commissioners of the City of New Orleans is a public functionary, and, therefore, exempt, and can appeal without giving bond.’
“We entertain no doubt that the Mayor and Board of Aldermen administering the affairs of the Town of Kenner are public functionaries within the letter and spirit of the above statute and as such are not required to furnish any bond of appeal in any judicial proceeding instituted by them.
“The motion to dismiss the appeal is therefore denied.”
Under the circumstances of this case we feel that the Zito decision is controlling. The Town of Kenner was declared exempt from posting an appeal bond because of its status as an incorporated municipal government. The only difference in the present case is that the governmental entity here involved is an incorporated parish rather than an incorporated municipality. Since LSA-R.S. 13:4581 expressly applies to both parishes and municipalities, there is no reason to distinguish the two cases. We therefore hold that the Parish of Jefferson is exempt from posting an appeal bond under LSA-R.S. 13:4581.
We further hold that this exemption also applies to the Jefferson Parish Di *379 rector of Finance. In Merchants’ Mut. Inc. Co. v. Board of Assessors, 40 La.Ann. 371, 3 So. 891, it was held that for the purpose of posting an appeal bond, an appeal by a state officer of functionary is an appeal by the state itself. By the same reasoning, since the Director Department of Finance is an officer of the Parish of Jefferson, he shares in the right of the Parish to proceed with a suspensive appeal without the necessity of posting bond.
For the foregoing reasons, appellee’s motion to dismiss is denied.
Motion denied.