563 So.2d 549 (1990)
Josie HAMPTON, et al.
v.
Holly F. GREENFIELD, M.D., et al.
No. 90-CA-0852.
Court of Appeal of Louisiana, Fourth Circuit.
June 12, 1990.
Writ Denied June 29, 1990.
Joseph W. Thomas, New Orleans, for plaintiff-appellant.
William J. Guste, Jr., Atty. Gen., G. Frederick Kelly, Sp. Asst. Atty. Gen., Kelly and Davenport, New Orleans, and C.T. Williams, Jr., Blue, Williams & Buckley, Metairie, for defendants-appellees.
Before SCHOTT, C.J., and BARRY and BYRNES, JJ.
SCHOTT, Chief Judge.
Plaintiff has filed a motion to dismiss the appeal filed by Drs. Greenfield and Smith and Nurse Reyes on the ground that they failed to perfect their suspensive appeal by posting the bond generally required by C.C.P. art. 2123.
Plaintiff obtained a jury verdict for $3,200,000 against appellants who are employees of State through the Department of Health and Hospitals. The trial judge reduced the judgment to $500,000 pursuant to R.S. 40:1299.39 and dismissed plaintiff's suit against the state. Appellants took a timely suspensive appeal from the judgment but filed no appeal bond.
In order to perfect a suspensive appeal a litigant must post an appeal bond within thirty days after the judgment becomes final except as otherwise provided by law. C.C.P. art. 2123. The state is dispensed from giving such a bond. R.S. 13:5036. Plaintiff filed a motion to dismiss this suspensive appeal in the trial court, and the trial court denied the motion on April 10, 1990.
Plaintiff filed the present motion in this court on May 22. Appellants contend that the trial court's disposition of the motion to dismiss is res judicata, that this court has no jurisdiction to entertain a motion to dismiss a suspensive appeal, and that the motion is without merit in any event.
Turning first to the procedural arguments, this court is the arbiter of its own jurisdiction. Plaintiff's motion to dismiss the appeal is properly brought in this court, but it is without merit. When an appellant who has taken a timely suspensive appeal fails to post the appeal bond the appeal is *550 not subject to dismissal but continues as a devolutive appeal. This is so because no bond is required for a devolutive appeal. C.C.P. art 2124. Consequently, the issue here is not whether appellants are entitled to prosecute their appeal but whether their appeal suspends execution of the judgment by plaintiff in accordance with art. 2123.
When an appeal is taken the jurisdiction of the trial court is divested and the appellate court assumes jurisdiction except as provided by art. 2088. One of the exceptions reserved to the trial court is jurisdiction to consider objections to the form, substance and sufficiency of the appeal bond. Appellants argue that the trial court's judgment on the issue is final. However, this court may review such a judgment under its discretionary, supervisory jurisdiction. Constitution, art. 5, § 10; C.C.P. art. 2201. We have resolved to treat plaintiff's motion in this court as a timely application for supervisory writs and have, in effect, granted certiorari in order to consider the validity of the trial court's decision that appellants are dispensed from posting a bond in order to prosecute their appeal.
The trial court correctly decided this issue. As we read the statutory scheme for the handling of malpractice claims against the state, R.S. 40:1299.39 et seq., the employee who performs the services for the state is given the same protection as the state itself. To hold otherwise would enable a claimant to disrupt the statutory scheme in this case by compelling these individual appellants to post an enormous bond which may be beyond their financial ability. More importantly, R.S. 40:1299.39(G) requires the state to pay any costs in connection with the claim against these individuals. Therefore, to require them to post the suspensive appeal bond would require the state to do it and the state's dispensation from posting bond provided by R.S. 13:5036 would be meaningless in this instance.
Accordingly, we affirm the trial court's judgment of April 10, 1990 and deny plaintiff's motion in this court.
JUDGMENT AFFIRMED, MOTION DISMISSED.