620 So.2d 1163 (1993)
Priscilla Jones, Wife of/and Warren Edward ROME
v.
Wayne TRAYLOR, et al.
No. 93-CC-0707.
Supreme Court of Louisiana.
July 1, 1993.
*1164 Salvador E. Gutierrez, Jr., Gutierrez & Hand, Mary Ann Hand, Chalmette, for applicant.
Glen E. Diaz, Chalmette, for respondent.
LEMMON, Justice.[*]
The issue in this case is whether a deputy sheriff, who was cast in judgment in a personal injury action based on negligence in performing his official duties, is exempt from furnishing security for a suspensive appeal.
Plaintiff, a radio dispatcher for the St. Bernard Sheriff's Department, was injured on the job when she tripped on a hole in a plastic mat near her desk in the radio room. She filed a tort action against the sheriff, individually and in his official capacity, as well as against Sergeant Wayne Traylor, plaintiff's immediate supervisor in the radio room, and Major Richard Baumy, Sergeant Traylor's supervisor and commander of field operations.[1]
After a bench trial, the trial court rendered judgment in favor of plaintiff and against the sheriff in his official capacity, as well as against Traylor and Baumy. In reasons for judgment, the judge noted that the sheriff, as plaintiff's employer, had a duty under La.Rev.Stat. 23:13 to provide safe working conditions and that this duty had been delegated to Baumy and Traylor.[2] The judge found that Baumy and Traylor had acted negligently when they failed to discover or to remedy the dangerous working condition.
All three defendants filed for a suspensive appeal without the necessity of furnishing security, claiming exemptions under La.Rev.Stat. 13:4581.[3] When the trial *1165 court granted a suspensive appeal to all defendants without the necessity of furnishing security, plaintiff filed a motion to strike the suspensive appeal order as to defendants Baumy and Traylor. The trial court denied the motion.
On plaintiff's application, the court of appeal granted supervisory writs and reversed the portion of the trial court's order which relieved Traylor and Baumy from furnishing security for the suspensive appeal.[4] In unpublished reasons, the court of appeal stated that "La.R.S. 13:4581 does not specifically exempt employees of the sheriff from posting a suspensive appeal bond."
This court granted certiorari to address the correctness of this decision, expressly staying the effect of the order of the court of appeal that required the furnishing of security for the suspensive appeal. 614 So.2d 1250 (La.1993).
Generally, in order to perfect a suspensive appeal, an appellant must furnish security for the payment of the judgment in the event of affirmation on appeal.[5] La.Code Civ.Proc. arts. 2123-24. One exception to this general rule is contained in La.Rev.Stat. 13:4581 which specifically exempts "state, parish and municipal boards or commissions exercising public power and functions" from furnishing security for an appeal. The issue before this court is whether this statute contemplates an exemption for sheriffs and their deputies.
The purpose of the requirement of security for suspensive appeals is to protect the appellee who holds a money judgment from the insolvency of the defendant. When the defendant is a public entity, there is arguably less need for protection of the appellee, because the public entity's obligation is backed by the financial resources of that public entity.[6] La.Rev.Stat. 13:4581 is based on the balancing principle that weighs the interest of the individual citizen against the legitimate governmental objective of not burdening public entities with the unnecessary expense of furnishing security for appeals.[7]
The exemption in La.Rev.Stat. 13:4581 has been interpreted liberally and has been extended to include not only state, parish and municipal boards and commissions, but also the state, parishes and municipalities themselves. Tillman v. City of Slidell, 464 So.2d 986 (La.App. 1st Cir.1985); Lambert v. Labruyere, 151 So.2d 377 (La.App. 4th Cir.1963); City of Lake Charles v. Lake Charles Ry., Light & Waterworks Co., 144 La. 217, 80 So. 260 (1918). By the same reasoning, the statutory exemption has been extended to public officers who are sued in their official capacity. State of Louisiana v. Preferred Accident Ins. Co. of N.Y., 238 La. 372, 115 So.2d 384 (1959) (because the state when suing or being sued in its own courts is exempt from *1166 furnishing bond on appeal, "[i]t therefore follows that when an officer of the state [Insurance Commissioner] in the performance of his official duties is sued in the state courts, he likewise is exempt from executing an appeal bond"); Merchants' Mut. Ins. Co. v. Board of Assessors, 40 La.Ann. 371, 3 So. 891 (La.1888) (since neither the state nor the City is required to give an appeal bond, the state tax collector, and the City's board of assessors are likewise exempt); Lambert v. Labruyere, 151 So.2d 377 (La.App. 4th Cir.1963) (just as an appeal by a state officer is an appeal by the state itself, the Director of the Department of Finance is a parish officer who "shares in the right of the Parish to proceed with a suspensive appeal without the necessity of posting bond").
In line with this jurisprudential expansion of the exemption provided by La. Rev.Stat. 13:4581, we conclude that a sheriff who is cast in judgment in his official capacity is exempt from furnishing security for a suspensive appeal. A sheriff is a parish official, being the chief law enforcement officer of the parish. La. Const. art. V, § 27. Just as the parish has been held exempt under La.Rev.Stat. 13:4581 from furnishing security for a suspensive appeal, the sheriff is also exempt when the judgment is based on his conduct in the performance of his official duties as sheriff of the parish.
Having concluded that sheriffs, although not expressly included in La.Rev. Stat. 13:4581, are exempt from furnishing security for a suspensive appeal, we find no justification for excluding sheriffs' deputies from the exemption, as long as the judgment involves the deputies' conduct in the performance of their official duties.[8] It would be inconsistent and entirely unfair to allow the sheriff to be exempt from furnishing security for an appeal from a judgment rendered against him because of actions taken in his official capacity and not allow the deputies who are cast in judgment for conduct in their official capacity also to be exempt.[9] The balancing principle that relieves public entities from the expense of providing security for suspensive appeals applies with at least equal force to employees of public entities. The appellee who is protected during the pendency of a public entity's appeal by the financial resources of the public entity is similarly protected during the pendency of an appeal by employees for whom the public entity is vicariously liable.
Accordingly, the judgment of the court of appeal is reversed, the judgment of the district court is reinstated, and the case is remanded to the district court for further proceedings consistent with this opinion.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Marcus, J. was not on the panel which heard and decided this case. See footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] Sheriffs' deputies are exempt from worker's compensation coverage. La.Rev.Stat. 23:1034 B. Accordingly, plaintiff was not excluded from pursuing a tort remedy against her employer.
[2] La.Rev.Stat. 23:13 provided at the time:

Every employer shall furnish employment which shall be reasonably safe for the employee therein. They shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considering the normal hazard of such employment, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees. Nothing in this Section shall apply to employment in private domestic service or to agricultural field occupations.
[3] La.Rev.Stat. 13:4581 provides:

State, parish and municipal boards or commissions exercising public power and functions shall not be required to furnish any appeal bond; or any other bond whatsoever in any judicial proceedings instituted by or brought against them.
[4] Plaintiff's application did not question the trial court's granting a suspensive appeal without security to the sheriff.
[5] If security is not furnished, the suspensive appeal may be dismissed. A dismissed suspensive appeal remains valid as a devolutive appeal, but the appellee may immediately execute the judgment. Hampton v. Greenfield, 563 So.2d 549 (La.App. 4th Cir.1990); Aucoin v. Williams, 291 So.2d 504 (La.App. 3d Cir.1974).
[6] This court in Rodriguez v. Louisiana Medical Mut. Ins. Co., 618 So.2d 390 (La.1993), held that the Louisiana Patient's Compensation Fund Oversight Board is not entitled to the exemption granted by La.Rev.Stat. 13:4581. The concurring justice pointed out that the appellee was not afforded the protection of the financial resources behind a public entity. See Rodriguez v. Louisiana Medical Mut. Ins. Co., 618 So.2d 390 (Kimball, J., concurring).
[7] La.Rev.Stat. 13:5108.2 J is another example of this balancing principle. That statute exempts an "official, officer, or employee" of the state from furnishing security for a suspensive appeal in an action arising out of the conduct of the official, officer or employee in the course and scope of his employment. This exemption is apparently based on the need "to balance an individual's claim against the needs of the public interests and the common good of the whole society." See La.Rev.Stat. 13:5106 E(3), which expresses the justification for imposing certain limitations on the state's liability. Since La.Rev. Stat. 13:5108.2 A(2) expressly excludes sheriffs and their deputies from classification as officers and employees of the state, this exemption is not applicable here.
[8] Defendants' counsel informed the court during oral argument that the torts of sheriffs' deputies are generally covered by a liability policy procured through the Louisiana Sheriffs Association. That policy provides coverage to third parties who are injured by the negligence of a sheriff's deputy, but does not provide coverage in the present case because injuries to employees of the sheriff's department are excluded from coverage.
[9] The fact that the sheriff's deputy is liable individually is not a reason for distinguishing him from the sheriff who falls under the exemption, whether his liability is individual (while in the course of employment) or vicarious. The resources of the public entity back payment of the judgment (if affirmed on appeal), whether the sheriff or the deputy is cast in judgment and whether the liability is individual (while in the course of employment) or vicarious.