LON REHEARING
|2PER CURIAM.
In an application for rehearing, defendant-appellant, R. Craig Smith, contends that this court erred in affirming the trial court judgment granting petitioner-appellee’s motion for summary judgment in a suit for specific performance of a purchase agreement. Smith reasons that, among other things, this court erred in failing to provide terms of payment of the purchase price similar to those provided in the judgment of the trial court.
We note that, on or about April 14, 1993, the trial court signed the judgment, granting the motion for summary judgment.[1] In the judgment, the trial court set forth the date on which the act of sale was to be executed as well as a schedule for the payment of the consideration under the contract. Thereafter, on May 12,1993, Smith filed a motion for suspensive appeal. However, no bond was ever posted for such appeal.
The law is clear that in order to perfect a suspensive appeal, an appellant must furnish security for the payment of the judgment in the event of affirmation on appeal. Rome v. Traylor, 620 So.2d 1163, 1165 (La.1993). If the security is not furnished, the suspensive appeal may be dismissed; however, the dismissed suspensive appeal remains valid as a devolutive appeal, and the appellee may immediately execute the judgment. Rome v. Traylor, 620 So.2d at 1165, n. 5; Hampton v. Greenfield, 563 So.2d 549, 550 (La.App. 4th Cir.), writs denied, 565 So.2d 458 (La.1990). See also Schenker v. Watkins, 521 So.2d 686, 688 (La.App. 1st Cir.1988).
In the instant case, when Smith filed his motion for a suspensive appeal and failed to file a suspensive appeal bond, this court treated his appeal as devolutive. As such, the judgment was not suspended during the pendency of this appeal, and the judgment was executory during the appellate process. Accordingly, 13it is unnecessary for this court to provide any terms of payment different from those set forth in the trial court judgment.
For these reasons, Smith’s application for rehearing is denied.

. The record actually contains two identical judgments, one signed on March 31, 1993, and the other signed on April 14, 1993.