STEWART, J.
_JjAt issue is whether the plaintiff, Foster Construction, Inc. (“Foster”), is entitled to a writ of mandamus as authorized by La. R.S. 38:2191(D) to compel the Town of Richwood (“Richwood”) to pay the final balance due on a contract for the construction of a multipurpose building. Because the record does not show any appropriation by Richwood for the award or execution of the contract, we affirm the trial court’s judgment denying Foster’s rule for mandamus relief.
FACTS
On August 4, 2011, Foster sued Rich-wood to obtain payment of $49,174.28, the balance due, referred to as the retainage, under a contract for the construction of a multipurpose building. The petition alleged that Richwood refused to pay because it did not have sufficient funds. The contract, which was introduced into evidence, stated that the cost of the construction project was $495,751.
On January 3, 2012, Foster filed a supplemental and amending petition requesting issuance of a mandamus order under La. R.S. 38:2191(D) to compel Richwood to pay the amount due. The petition also named additional defendants against whom alternative relief was sought in the event the request for mandamus would be denied. The additional defendants included three aldermen who, according to the petition, voted to accept Foster’s bid after it had been disclosed during a special meeting on July 20, 2010, that Richwood did not have sufficient funds to pay the bid.
A hearing on Foster’s request for mandamus relief was held on April 17, 2012. Steven B. Hunter, the mayor of Richwood, *608 testified that he signed |2the construction contract on behalf of Richwood and that he believed at the time of contracting, and based on information from the town clerk, that Richwood had money to fund the construction. However, he testified that the town did not now have the funds to pay the balance due.
When asked about how the construction contract was funded, Mayor Hunter explained to the trial court that Richwood’s prior administration had borrowed money to pay off the town’s substantial debts. The money remaining was used to fund the construction of the multipurpose building. Disbursements during construction were handled by a trustee with the Bank of New York, which is presumably where the funds used for the construction project were held. When the funds held by the Bank of New York ran out, Richwood made two payments to Foster from its general fund. Richwood paid $20,203.53 on January 14, 2011, and an additional $1,257 on March 17, 2011. The mayor testified that there was no additional unallocated money in the general fund to pay the remaining contract balance.
The owner of Foster, Michael D. Foster (“Mr. Foster”), testified that he demanded payment of the retainage after getting the certificate of substantial completion and a lien-free certificate. Instead of payment, he received a letter from Mayor Hunter dated June 24, 2011, informing him that Richwood could not pay the balance due. Mayor Hunter’s letter attributed Rich-wood’s inability to pay to delays in opening a new bingo hall. The letter requested more time to submit the payment. Mr. Foster |3testified that he had not been told that the town was running out of money and that he would have stopped construction if he had been told the facts.
The record shows that the certificate of substantial completion was recorded on February 25, 2011, and that the lien-free certificate was filed on April 15, 2011.
At the close of the hearing, the trial court took the matter under advisement and ordered the parties to submit memo-randa. While the matter was under advisement, Richwood filed an exception of no right of action. It asserted that La. R.S. 38:2191 did not provide a right to seek a writ of mandamus at the time the contract was confected and that the amendment to provide for such relief did not become effective until August 15, 2011, after the contracted project was completed. It further asserted that the amendment was substantive in nature and not subject to retroactive application.
The trial court entered a written ruling on August 9, 2012, denying Foster mandamus relief. The trial court agreed with Richwood’s argument that the amendment to La. R.S. 38:2191, adding the right to seek mandamus relief, was a substantive change in the law and could not be applied retroactively to this case. Additionally, the trial court determined that, even if applied retroactively, Foster would not be entitled to relief because no funds had been appropriated by Richwood for payment of the balance owed. Judgment denying Foster’s request for mandamus relief was signed on October 5, 2012. The judgment was designated a final judgment for purposes of an immediate appeal.
|4On appeal, Foster asserts that the trial court erred in determining the amendment of La. R.S. 38:2191 to be substantive, rather than procedural and applicable to this matter. Foster also asserts error in the trial court’s finding that Richwood had not appropriated funds to pay the contract.
DISCUSSION
Public entities who enter public contracts are required to promptly pay obli-| *609 gations, including progressive stage payments and final payments, when they become due and payable under such contracts. La. R.S. 38:2191(A). A public entity that fails to make a final payment after formal final acceptance and within 45 days following receipt of a clear lien certificate shall be liable for reasonable attorney fees. La. R.S. 38:2191(B). These statutory provisions shall not be waived by contract. La. R.S. 38:2191(0).
By Acts 2011, No. 184, § 1, subsection (D) was added to provide for mandamus relief. La. R.S. 38:2191(D) states:
D. Any public entity failing to make any progressive stage payments arbitrarily or without reasonable cause, or any final payment when due as provided in this Section, shall be subject to mandamus to compel the payment of the sums due under the contract up to the amount of the appropriation made for the award and execution of the contract.
This provision became effective on August 15, 2011, which was after Foster completed the work under the contract and after it filed this suit for payment of the balance due.
Ordinarily, we would endeavor to determine whether the new law is procedural or interpretive such that it may be applied retroactively to the cause of action, or whether it is substantive and subject to prospective | ¿application only. La. C.C. art. 6; Burks v. Christus Health Monroe, 39,540 (La.App.2d Cir.4/6/05), 899 So.2d 775, writ denied, 2005-1184 (La.11/28/05), 916 So.2d 146. However, we pretermit this determination in this instance because, even if subsection (D) may be applied to the cause of action before us, mandamus relief is still not available to Foster on this record.
Under La. R.S. 38:2191(D), mandamus relief is available to compel payment “up to the amount of the appropriation made for the award and execution of the contract.” This provision presupposes that the public entity made an appropriation for the contract when awarded. Thus, we must determine whether the record shows that the town appropriated funds for the award and execution of the contract.
The Town of Richwood is a municipality governed by a mayor and aldermen form of government. Therefore, it is subject to the provisions of La. R.S. 33:321 et seg., pertaining to local governments. Regarding appropriations, La. R.S. 33:406(A)(3) provides that any act of the board of aider-men “which would provide for the appropriation of funds, the incurrence of debt, or the issuance of bonds or other evidences of indebtedness shall be by ordinance.” Additionally, La. R.S. 33:462, which addresses expenditures made pursuant to appropriations, provides as follows:
All expenditures of money for any purpose whatever shall be in pursuance of a specific appropriation made by order and in no other manner and shall be made in accordance with the provisions of R.S. 38:2211 et seq. Every warrant drawn on the treasury shall express on its face to whom issued and for what purpose allowed; and the ordinance authorizing its issue shall be cited by minute book and page, in or upon it.
| nThese two provisions make clear that an ordinance is required to appropriate funds for the public entity’s expenditures. Foster does not directly address whether Richwood appropriated funds for the contract. It merely asserts that Richwood did not provide sufficient evidence to show there was no appropriation of funding for the contract. The trial court found that there was no appropriation, and the record supports this factual determination. Moreover, the burden was on Foster to prove its entitlement to mandamus relief. Foster did not prove that Richwood made *610 any appropriation to fund the contract. There is no merit to Foster’s suggestion that accepting the bid and signing the contract equates to an appropriation of funding. The statutes cited above require an appropriation of funds to be made by an ordinance. There is no evidence in this record of any ordinance concerning the appropriation of funds for the contract.
As stated, the record supports the trial court’s finding that there was no appropriation. According to Foster’s supplemental and amending petition, which was entered into evidence in conjunction with the entire record, it was disclosed at a special meeting on July 20, 2010, to consider Foster’s bid that Richwood did not have sufficient funds to pay the amount of the bid. Foster sued three aldermen individually because they voted to accept its bid despite the town’s lack of sufficient funds to pay the contract amount.
Mayor Hunter’s testimony suggests that the contract amount was paid out of funds held by the Bank of New York and remaining from money borrowed by the pri- or administration to pay some of the town’s debts. 17When those funds ran out, Richwood had no money to pay the final balance or retainage owed to Foster. The two additional payments to Foster came from Richwood’s general fund, not from funds appropriated for the contract.
Citing Lambert v. LaBruyere, 154 So.2d 466 (LaApp. 4th Cir.1963), Foster asserts that mandamus is warranted because payment of the undisputed balance due is a ministerial act that may be compelled by a mandamus order. The facts of the case distinguish it from this matter.
In Lambert, supra, the parish council passed a resolution authorizing the finance director to pay the contract price upon completion, but the finance director issued a check for a lesser amount. Because the parish council had approved and accepted the work and authorized payment, the court determined that the issuance of mandamus was warranted. The amount due was not in dispute and the mandamus would compel what was a ministerial act by the finance director, who had no authority to determine whether the contract had been executed fully and satisfactorily or pay a lesser amount than authorized by the parish council for the contract price.
Here, though Richwood does not dispute the amount due and though a certificate of substantial completion had been issued, there was no authorization by ordinance for payment of the balance. As previously stated, the record does not show that Rich-wood made any appropriation for the award and execution of the contract. Under the facts of this case, payment of the balance due is not merely a ministerial act and cannot be compelled by mandamus. Nor can this court compel Richwood to appropriate funds to pay the balance. Our law clearly provides that the act | sof appropriating funds is discretionary and that a writ of mandamus may not issue to compel this discretionary legislative action. Newman Marchive Partnership, Inc. v. City of Shreveport, 2007-1890 (La.4/8/08), 979 So.2d 1262; Hoag v. State, 2004-0857 (La.12/1/04), 889 So.2d 1019; Heath v. City of Alexandria, 2010-280 (La.App. 3d Cir.10/6/10), 52 So.Bd 86, writ denied, 2010-2493 (La.1/7/11), 52 So.3d 886.
Notably, La. R.S. 38:2191(D) allows for mandamus where there has been an appropriation for the award and execution of the contract. It does not authorize mandamus to compel an appropriation for payment of sums due under a contract. Such authorization would be contrary to La. Const, art. 12, § 10(C), which prohibits the seizure of public property or public funds.
Under La. R.S. 38:2191(A), public entities are required to pay obligations under public contracts when they become due. The allowance of mandamus relief where *611 the public entity has appropriated funds for the award and execution of a contract suggests that payment of the balance due pursuant to an appropriation is a ministerial duty, rather than a discretionary act. Mandamus may be ordered to compel a public officer to perform a ministerial duty required by law. La. C.C.P. art. 3863.
However, the record in this matter does not establish that funds were appropriated for the award and execution of the contract between Richwood and Foster. Though this court does not condone Richwood’s conduct in this matter, we are constrained to find that mandamus relief is not available under La. R.S. 38:2191(D).
^CONCLUSION
For the reasons expressed, we affirm the trial court’s judgment denying the plaintiff mandamus relief. Appeal costs are assessed to the plaintiff, Foster Construction, Inc.
AFFIRMED.