303 So.2d 926 (1974)
Ida SMITH, Plaintiff-Appellee,
v.
Ray J. TROSCLAIR, Jr., Defendant-Appellant.
No. 9902.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Rehearing Denied December 16, 1974.
Writ Granted January 31, 1975.
A. J. Kling, Jr., Gonzales, for defendant-appellant.
Joseph Accardo, Jr., LaPlace, for plaintiff-appellee.
Before SARTAIN, J., and BAILES and LaHAYE, JJ. Pro Tem.
LaHAYE, Judge Pro Tem.
This appeal was taken from a judgment of the Twenty-third Judicial District Court for the Parish of Ascension granting visitation privileges to plaintiff-appellee, maternal *927 grandmother of Dyrk Joseph Trosclair and Todd Anthony Trosclair, pursuant to the provisions of LSA-R.S. 9:572 (added by Acts of 1972, No. 4, Sec. 1).
Dyrk Joseph Trosclair and Todd Anthony Trosclair are issue of the marriage which formerly existed between Ray J. Trosclair, Jr., defendant-appellant, and Alice Smith Trosclair, who died on November 7, 1967.
After the death of Alice Smith Trosclair, Mr. Trosclair married Edith Martha Thomassie, who, on September 14, 1970, obtained a final decree of adoption of the two Trosclair children.
LSA-R.S. 9:572, provides:
"If one of the parties to a marriage dies and is survived by a minor child or children of the marriage, the parents of such deceased party may have reasonable visitation rights to the child or children of the marriage during their minority, if the court in its discretion finds that such visitation would be in the best interests of the child or children."
Defendant-appellant contends that LSA-R.S. 9:572 has no application to adopted children, and, alternatively, that the Act, passed after the adoption of the children, does not apply to children adopted prior to its enactment, since to do so would be to alter the effect of the decree of adoption.
The effect of a decree of adoption is provided for in Louisiana Civil Code Article 214, the third paragraph of which is pertinent to these proceedings and which reads as follows:
"If the adoptive parent is married to a blood parent of the adopted person, the relationship of that blood parent and his blood relatives to the adopted person shall remain unaltered and unaffected by the adoption. Otherwise, upon adoption: the blood parent or parents and all other blood relatives of the adopted person are relieved of all of their legal duties and divested of all of their legal rights with regard to the adopted person, including the right of inheritance from the adopted person and his lawful descendants; and the adopted person and his lawful descendants are relieved of all of their legal duties and divested of all of their legal rights with regard to the blood parent or parents and other blood relatives, except the right of inheritance from them." (Emphasis supplied).
We find that the relationship between plaintiff-appellee and the Trosclair children was legally and judicially severed by the decree of adoption on September 14, 1970. LSA-R.S. 9:572 does not indicate that its passage was intended to repeal, in whole or in part, statutes prescribing the effects of adoption. The interpretation urged by plaintiff-appellee would accomplish such a partial repeal.
We hold, therefore, that LSA-R.S. 9:572 does not revive prior rights or create new rights between blood relatives which have been legally and judicially terminated by adoption.
For the above and foregoing reasons, the judgment of the district court is reversed, and judgment is hereby rendered in favor of defendant-appellant, Ray J. Trosclair, Jr., and against plaintiff-appellee, Ida Smith, dismissing her suit at her costs.
Reversed and rendered.