321 So.2d 514 (1975)
Ida SMITH
v.
Ray J. TROSCLAIR, Jr.
No. 55749.
Supreme Court of Louisiana.
November 3, 1975.
Joseph Accardo, Jr., Luling, for plaintiff-applicant.
A. J. Kling, Jr., Gonzales, for defendant-respondent.
MARCUS, Justice.
Plaintiff, Ida Smith, filed suit on August 27, 1973, seeking visitation rights with her minor grandchildren, Dyrk and Todd Trosclair, pursuant to La.R.S. 9:572. The trial court granted plaintiff visitation rights, and the court of appeal reversed. 303 So. 2d 926 (La.App. 1st Cir. 1974). We granted her application for certiorari. 307 So. 2d 366 (La.1975).
Dyrk and Todd Trosclair are issue of the marriage that existed between Ray J. *515 Trosclair, Jr., defendant, and Alice Smith Trosclair, plaintiff's daughter, who died on November 7, 1967. Following her death, defendant married Edith Martha Thomassie, who, on September 14, 1968, obtained a final decree of adoption of the two Trosclair children.
La. Acts 1972, No. 4 (La.R.S. 9:572), states:
If one of the parties to a marriage dies and is survived by a minor child or children of the marriage, the parents of such deceased party may have reasonable visitation rights to the child or children of the marriage during their minority, if the court in its discretion finds that such visitation rights would be in the best interests of the child or children.
Section 2. All laws or parts of laws in conflict herewith are hereby repealed.
Although defendant's first wife died in 1967, before the passage of La.R.S. 9:572, plaintiff contends that the statute was intended to have retroactive effect. We find it unnecessary to answer her contention, however, because we agree with the court of appeal that the decree of adoption procured by defendant's second wife judicially severed all of plaintiff's rights and duties vis-a-vis her grandchildren.
Civil Code article 214, as amended, La. Acts 1958, No. 514, § 1, provides in relevant part as follows:
If the adoptive parent is married to a blood parent of the adopted person, the relationship of that blood parent and his blood relatives to the adopted person shall remain unaltered and unaffected by the adoption. Otherwise, upon adoption: the blood parent or parents and all other blood relatives of the adopted person are relieved of all of their legal duties and divested of all of their legal rights with regard to the adopted person . . . ."

(Emphasis added.)
It is argued by plaintiff, however, that La.R.S. 9:572, insofar as it grants visitation rights to grandparents after the death of their child, impliedly repeals this part of the article because it was passed subsequent to the substantial re-enactment of Civil Code article 214 in 1958. A law is impliedly repealed only when its provisions are contrary to, or irreconcilable with a later law. La.Civil Code art. 23 (1870). We find no irreconcilable conflict between La.R.S. 9:572 and the portion of Civil Code article 214 cited above.
At the time article 214 was amended, there existed no statute conferring visitation rights to grandparents. In 1970, article 157 of the Civil Code was amended to grant visitation rights to grandparents after the death of a divorced or separated child.[1] In 1972, La.R.S. 9:572 was enacted, which substantially broadened the circumstances in which visitation privileges might be conferred.[2] These visitation rights were not statutorily conferred, however, to plaintiff, who was divested of all *516 her legal rights with regard to her blood grandchildren by Civil Code article 214.
It is argued that Civil Code article 214 should not be applied in the circumstances of this case. Only when a parent voluntarily places a child with an agency for adoption, it is urged, should the child's blood relatives be divested of their legal rights. The article, however, plainly draws no distinction between agency adoptions and adoptions effected in these circumstances. This court is constrained by Civil Code article 13[3] from ignoring the letter of a statute when, as here, its language is clear and unambiguous. Moreover, article 214 expressly refers to the situation here presented.[4]
We perceive plaintiff's understandable desire to visit with defendant's sons. The legislature, however, by providing in article 214 that the adopted person "is considered for all purposes as the legitimate child and forced heir of the adoptive parent or parents," and by further providing that the "blood relatives of the adopted person [other than the blood relatives of a blood parent married to the adoptive parent] are relieved of all their legal duties and divested of all their legal rights with regard to the adopted person," manifestly intended to subordinate her wishes to the necessity that the adoptive child become a full and complete member of his adoptive home.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
DIXON, J., dissents.
CALOGERO, J., dissents with reasons.
CALOGERO, Justice (dissenting).
I dissent from the holding in this case because, among other reasons, I do not believe that the adoption statute was intended to, nor does it, preclude a blood grandparent's right of visitation with his grandchild, with the attendant right of the grandchild to visit with the grandparent, particularly in light of R.S. 9:572.
NOTES
[1] La.Civil Code art. 157(B), added by La. Acts 1970, No. 436, § 1, provides:

B. If subsequent to the granting of a divorce or separation one of the parties to the marriage dies and is survived by a minor child or children of the marriage, the parents of such deceased party may have reasonable visitation rights to the child or children of the marriage during their minority, if the court in its discretion finds that such visitation rights would be in the best interests of the child or children.
[2] We need not decide whether grandparents have visitation rights apart from those conferred in Civil Code article 157(B) and La. R.S. 9:572. Article 216 of the Civil Code provides that a child remains under the authority of his father and mother until his majority or emancipation. Despite a similar provision in article 372 of the Code civil, the Court of Cassation in France has held that parents do not have an absolute right to forbid all visits and communications between grandparents and their grandchildren. Cass. civ., July 6, 1931, S. 1931.1.390; Cass. req., June 5, 1931, Gaz.Pal. 1931.2.345. See D. 1934.2.57, note by Lebrun. Other cases, however, have held to the contrary. See 1 M. Planiol, Traite elementaire de droit civil, no. 1653, at 23 (La.State L.Inst. transl. 1959).
[3] La.Civil Code art. 13 states:

When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.
[4] Article 214 states that "[i]f the adoptive parent [defendant's second wife] is married to a blood parent [defendant] of the adopted person [defendant's children], the relationship of that blood parent and his blood relatives to the adopted person shall remain unaltered and unaffected by the adoption. Otherwise, upon adoption: the blood parent or parents and all other blood relatives [plaintiff] of the adopted person are relieved of all of their legal duties and divested of all of their legal rights with regard to the adopted person,. . . ." (Emphasis added.)