446 So.2d 463 (1984)
Petition for concursus In re James W. HAMILTON.
No. CA 1067.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Fawer, Brian, Hardy & Zatkis, Michael S. Fawer, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Terence L. Hauver, New Orleans, Poynter, Mannear & Speer, Baton Rouge, Freeman & Pendley, Ltd., Patrick W. Pendley, Plaquemine, Preston G. Sutherland, New Orleans, for defendant-appellant.
Before BYRNES, AUGUSTINE and WARD, JJ.
*464 BYRNES, Judge.
The sole issue presented by this appeal is whether appellee, the beneficiary of a life insurance policy, is precluded from recovering the proceeds of that policy by entering a guilty plea to manslaughter charges in connection with the death of the insured, her common law husband. The facts of the case are as follows:
On the evening of July 15, 1980 appellee, Joann Hamilton, had an argument with the deceased James W. Hamilton. Mr. Hamilton was apparently intoxicated, and when the argument became more violent Joann Hamilton picked up a knife and cut Mr. Hamilton on the leg several times. Mr. Hamilton died as a result of these wounds.
A dispute arose as to Joann Hamilton's right to the proceeds of insurance on Mr. Hamilton's life and a concursus action was filed by the insurance company. A motion for summary judgment was filed by Delia Johnson Hamilton, Mr. Hamilton's wife, and their two children, Maude Hamilton Davis and Sandra Hamilton Hardy. This motion sought dismissal of Joann Hamilton's claims on the basis that her guilty plea to manslaughter charges barred her from receiving the proceeds of the policies in question.
In response a "Motion to Clarify That Conviction under La.Rev. Statute 14:31 Was Entered Under Subdivision (2)(A) Thereof" was filed by Joann Hamilton in Criminal District Court. That subdivision deals with non-intentional manslaughter. The Criminal Court Judge granted the motion, because he felt Mr. Hamilton's death which was the result of an intentional misdemeanor committed by Joann Hamilton fit the part of the manslaughter statute. Joann Hamilton then filed a cross motion for summary judgment in the civil concursus proceedings, urging that her conviction of a non-intentional homicide did not bar her recovery. The trial judge agreed and granted her motion. This appeal followed.
Because both parties have admitted by their respective motions for Summary Judgment that there are no genuine issues of material fact in dispute, we will confine our analysis to the application of the law to those undisputed facts.
The statute which directly addresses the issue before this court is La.R.S. 22:613(D). That statute is entitled "Insurable Interest Required; Personal Insurances; Intentional Acts Exclusion", and reads in part:
No beneficiary, assignee, or other payee of any personal insurance contract shall receive from the insurer any benefits thereunder accruing upon the death, disablement or injury of the individual insured when said beneficiary, assignee, or other payee who is held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement or the injury of the individual insured...
It is contended that an ambiguity exists between the title "Intentional Acts Exclusion", and the text which makes criminal responsibility the basis for excluding beneficiaries from recovering the proceeds of insurance policies. Appellee argues that the title of the statute indicates that only an act intended by the beneficiary to lead to the death of the insured should bar recovery. We do not agree.
One can be found "criminally responsible" for a death without having intentionally caused that death. This is precisely the situation before this court. Joann Hamilton has been found criminally responsible for Mr. Hamilton's death, but has also been found not to have intentionally caused that death.
Historically "as a matter of public policy a beneficiary named in a life insurance policy is not entitled to the proceeds of the insurance if he or she feloniously kills the insured." American National Life Insurance v. Shaddinger, 205 La. 11, 16 So.2d 889 (1944). It has also been the rule historically, that if a beneficiary accidentally or unintentionally kills the insured he or she is not barred from recovering the proceeds of insurance on the life of the deceased. Pan American Life Insurance Co. v. Hancock, 415 So.2d 422 (La.App. 1st Cir.1982).
*465 However, we have concluded that the enactment of R.S. 22:613(D) changed the law. The legislature in enacting that statute chose to make criminal responsibility the standard by which to judge a beneficiary's right to insurance proceeds in the circumstances presented by this case. We feel this is a broader exclusion than was the case before the enactment of the statute. The fact that title of the statute refers to intentional acts does not, in our opinion, cloud the clear intent of the legislature to restrict the class of beneficiaries who may recover insurance proceeds when their actions contribute to the death of the insured.
The title of an act is not part of the statute, but may be considered to determine legislative intent. State v. Madere, 352 So.2d 666 (La.1977). However, reference to the title of an act is restricted to situations where the text contains some ambiguity or is otherwise an unclear expression of legislative intent. Melancon v. Mizell, 216 La. 711, 44 So.2d 826 (1950). In construing a statute, courts should ascertain and give effect to the intention of the legislature as expressed in the statute. It is presumed that the legislature understands the effect and meaning of the words it uses in a statute. Clark v. Board of Commissioners of the Port of New Orleans, 422 So.2d 247 (La.App. 4th Cir.1982).
As to the statute in question, even assuming the conflict between the title and text of the statute creates an ambiguity, we find that the preamble to act 246 of 1979, which created R.S. 22:613(D), clarifies any ambiguity and indicates the true intent of the legislature. That preamble provides in part:
That a beneficiary, assignee, or other payee who intentionally contributes to the death, disablement or injury of the individual insured should not receive any benefits accruing from the insurer under any personal insurance contract...
The preamble further forbids
The exclusion of deaths caused by the intentional actions of another, provided that such death was not caused by the actions of a beneficiary directly or indirectly... (Emphasis added)
This leaves no doubt that the phrase "criminally responsible" as used in the text of the R.S. 22:613(D), was intended to include situations such as that presented by this case, where a beneficiary does not intentionally and feloniously cause the death of the insured but is nonetheless held criminally responsible for that death. When Joann Hamilton pled guilty to manslaughter she admitted criminal responsibility for Mr. Hamilton's death, notwithstanding her contention that she did not intend to kill him. There is no doubt that Joann Hamilton's intentional assault on Mr. Hamilton contributed to his death. The statute does not require more than a finding by a court of competent jurisdiction that the beneficiary was criminally responsible for the death of the insured.
The case of California Western States Life Insurance Co. v. Sanford, 515 F.Supp. 524 (E.D.La.1981) has been cited to the court by both parties and by the trial judge in his reasons for judgment. In that case Judge Sear ruled that the enactment of La.R.S. 22:613(D) made a criminal conviction conclusive proof of a beneficiary's exclusion from benefits, but still allowed the issue of criminal responsibility to be litigated in a civil proceeding when there has been no criminal conviction. The beneficiary in Sanford was a husband who shot and killed his wife but was found not guilty by reason of insanity. That case is clearly distinguishable on its facts. In Sanford there was no finding by a court of competent jurisdiction that the beneficiary was criminally responsible for the insured's death, in the present, case there was.
Because the Criminal District Court for the Parish of Orleans (a court of competent jurisdiction) found the beneficiary (Joann Hamilton) to be criminally responsible for the death of the insured, we conclude that the trial judge was wrong in granting her Motion for Summary Judgment and denying the motion of Delia Johnson Hamilton and her children. Accordingly the judgment of the trial court is reversed and the *466 motion for summary judgment in favor of Delia Johnson Hamilton and her children is hereby granted.
All costs of this appeal to be borne by the appellee.
REVERSED AND RENDERED.