571 So.2d 610 (1990)
Douglas D. GREEN, Commissioner of Insurance, for the State of Louisiana
v.
LOUISIANA UNDERWRITERS INSURANCE COMPANY, et al.
Douglas D. GREEN, Commissioner of Insurance, for the State of Louisiana
v.
ANGLO-AMERICAN INSURANCE COMPANY.
Douglas D. GREEN, Commissioner of Insurance, for the State of Louisiana
v.
NEW ENGLAND INTERNATIONAL SURETY OF AMERICA, INC.
Douglas D. GREEN, Commissioner of Insurance, for the State of Louisiana
v.
NATIONAL REPUBLIC LIFE INSURANCE COMPANY.
Douglas D. GREEN, Commissioner of Insurance, for the State of Louisiana
v.
AMERICAN LLOYD'S.
No. 90-CC-0743.
Supreme Court of Louisiana.
December 3, 1990.
*611 William J. Guste, Jr., Atty. Gen., Kenneth c. DeJean, Winston W. Riddick, J. David McNeill, III, Dorothy M. Taylor, James M. Ross, Asst. Attys. Gen., for State of La., and William J. Guste, others-applicants.
Tom F. Phillips, Frederick R. Tulley, J. Ashley Moore, Baton Rouge, for Douglas D. Green, plaintiff-respondent.
COLE, Justice.
The issue presented by these consolidated cases is whether La.R.S. 49:258 governs the appointment of counsel to represent the Insurance Commissioner, when the Commissioner is acting in his capacity as liquidator, rehabilitator, or conservator of a financially troubled insurance company.
This proceeding arises out of an intervention by the Attorney General of the State of Louisiana in the rehabilitation proceeding entitled Douglas D. Green, Commissioner of Insurance, for the State of Louisiana v. Louisiana Underwriters Insurance Company, et al.[1] The Attorney General requested, among other things, that the Commissioner of Insurance show cause why he should not be enjoined from hiring private legal counsel and why the Attorney General should not appoint private legal counsel to represent the Insurance Department pursuant to La.R.S. 49:258.
In response to the intervention, the Insurance Commissioner moved to sever the issue of appointment and approval of attorneys for a separate evidentiary hearing. The trial court granted the Commissioner's *612 motion. Subsequently, the Commissioner filed motions in each of the other liquidation or rehabilitation proceedings in which the law firm of Taylor, Porter, Brooks & Phillips was acting as counsel on his behalf, requesting the Attorney General to show cause why the legal services agreements with Taylor, Porter, Brooks & Phillips, as well as orders of court formally approving such agreements, should not be confirmed. The cases were consolidated for purposes of adjudicating the attorney appointment issue.
The trial court ruled La.R.S. 49:258 did not apply to insurance insolvency proceedings, because the Insurance Commissioner, when acting as a liquidator, rehabilitator or conservator of a domestic insurance company pursuant to the Insurance Code, is not a "state agency" under that provision. Consequently, the trial court confirmed the appointment of the law firm of Taylor, Porter, Brooks & Phillips to represent the Insurance Commissioner in the consolidated cases.
The Attorney General applied for writs to the Court of Appeal. The First Circuit, holding that La.R.S. 49:258 was intended to apply only in cases involving tort or contract suits in which the state or a state agency is a defendant, denied writs.
We granted writs to review the lower courts' decisions.

I. Literal Meaning vs. Legislative Intent
The starting point in every case involving the construction of a statute is the language of the statute itself. La.R.S. 49:258 provides as follows:
Notwithstanding the provisions of any other law to the contrary and specifically the provisions of any law that authorizes the state or a state agency to appoint, employ, or contract for private legal counsel to represent the state or state agency, including but not limited to the provisions of R.S. 42:261, 262, and 263, and R.S. 40:1299.39(E), any appointment of private legal counsel to represent the state or a state agency shall be made by the attorney general with the concurrence of the director of the office of risk management, in accordance with the following procedure:

(1) All attorneys appointed as private legal counsel to represent the state or a state agency shall meet or exceed written minimum qualifications and all appointments shall be made in accordance with a written appointments procedure, both of which shall be established by the attorney general and the governor, or their designees. The director of the office of risk management shall participate in the preparation of the minimum qualifications and the appointment procedure. The minimum qualifications and the appointments procedure shall be published at least annually in the Louisiana Bar Journal or such other publication as will reasonably assure dissemination to the membership of the Louisiana State Bar Association. The exercise of the authority provided in this Section shall not be subject to the Administrative Procedure Act.
(2) All appointments of private legal counsel representing the state or a state agency that are in effect on the effective date of this Section shall be reviewed to ensure that such counsel satisfy the minimum qualifications provided for in Paragraph (1) of this Section and all such changes in or terminations of such appointments shall be made as are necessary to ensure such compliance.

(3) For the purposes of this Section, "state agency" means any department, board, commission, agency, office, special district, authority, or other entity of the state, but does not include the Public Service Commission or any political subdivision of the state as defined by Article VI of the Constitution of Louisiana, or any entity of such political subdivision. (Emphasis added).
The Attorney General contends La.R.S. 49:258 clearly states without ambiguity any appointment of private counsel to represent the state or a state agency shall be made by the attorney general. In response, the Insurance Commissioner maintains when he acts as a liquidator, rehabilitator or conservator of an insolvent insurance company, *613 he is acting as a fiduciary of the company and not on behalf of the state or one of its agencies. Thus, it is the Insurance Commissioner's position that the term "state agency" as contained within La.R.S. 49:258 does not include state officers who are acting as fiduciaries for third parties.
At the outset, we must dismiss the contention that La.R.S. 49:258 is clear and unambiguous. While the literal language of La.R.S. 49:258 may include the Commissioner of Insurance within the definition of "state agency"[2], it is the duty of this court to restrict broad statutory language if we are convinced the legislature did not intend such an effect. State ex rel. Thompson v. Department of City Civil Serv., 214 La. 683, 38 So.2d 385, 388 (1948); Curatorship of Parks, 210 La. 63, 26 So.2d 289, 292 (1946).
Our jurisprudence has consistently recognized a statutory ambiguity justifying judicial interpretation may arise with respect to the general scope and meaning of a statute when all of its provisions are examined. Matlack, Inc. v. Louisiana Pub. Serv. Comm'n, 260 La. 359, 256 So.2d 118, 121 (1971). The statutory language of La.R.S. 49:258 contains provisions which are obviously inconsistent with the Attorney General's position that the statute applies without limitation as to the type of case or legal matter in which the state or a state agency is involved.
Pursuant to La.R.S. 49:258, any appointment of private counsel by the attorney general must be made "with the concurrence of the director of the office of risk management". However, the office of risk management has no authority over and plays no role in the liquidation of failed insurance companies.[3] Thus, a literal reading of the statute produces an anomalous and illogical situation wherein the office of risk management is required to concur in the appointment of private legal counsel to represent the Insurance Commissioner in liquidation or rehabilitation proceedings.[4] We are convinced the legislature did not intend such a result.
When the literal construction of a statute produces absurd or unreasonable results "the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result." Smith v. Flournoy, 238 La. 432, 115 So.2d 809, 814 (1959); Dore v. Tugwell, 228 La. 807, 84 So.2d 199, 204 (1955). See also, La.Civ.Code art. 9 (West 1990). In ascertaining the true meaning of a word, phrase or section of a statute, the act as a whole must be considered. Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336, 339 (1962).
A reading of Act No. 448 of 1988, by which the legislature enacted La.R.S. 49:258, provides insight into the overall purpose and spirit behind the statute. When all of the provisions of Act No. 448 are considered together, it is evident it was the overall intent of the legislature to provide a comprehensive method of administering and defending claims against the state.[5]
*614 Our conclusion concerning the legislative intent behind La.R.S. 49:258 is supported by the title of Act No. 448.[6] The title of Act No. 448 of 1988 states:
To amend and reenact R.S. 13:5109(A), R.S. 36:705(A)(1), R.S. 39:1533, 1535(A) and (B)(6), and R.S. 48:112, to enact R.S. 39:1535(B)(12) and (C), and R.S. 49:257 and 258, and to repeal R.S. 39:1543.2(e), and (3), and R.S. 48:111.1, relative to legal representation of the state; to provide for the attorney general and the Department of Justice to represent the state, departments, and state agencies in certain cases; to provide for authority to compromise certain legal claims; to provide for legal services for the office of risk management, division of administration; to provide for procedures relative to procurement of private legal services; to provide for the adjustment and settlement of claims against the state by the office of risk management; and to provide for related matters. (Emphasis added).
Based on the purpose and intent behind the act as well as a reading of La.R.S. 49:257, we conclude the "certain cases" in which the attorney general shall represent the state or a state agency are cases involving the protection of a right or interest of the state.[7]
Additionally, there is no reference whatsoever to insurance company insolvencies or Title 22 of the Louisiana Revised Statutes in the stated object of Act No. 448. If the legislature had intended to change existing law relating to the liquidation of insurance companies, consistent legislative drafting required mention of the effect of Act No. 448 on the existing law contained in Title 22. This is made clear by the title to the act expressly providing certain provisions of Titles 13, 36, 39, 48 and 49 were to be amended, reenacted, or repealed.

II. Conflict with La.R.S. 22:743
We now turn our attention to the relationship between La.R.S. 49:258 and La. R.S. 22:743. La.R.S. 22:743, which provides for the appointment of assistants to the Commissioner of Insurance in insurance company liquidation or rehabilitation proceedings, states:

[T]he commissioner of insurance shall have power to appoint one or more special deputies, as his agent or agents and to employ such clerks, assistants, attorneys, or solicitors as may by him be deemed necessary, and to give each of such persons such powers to assist him as he may consider wise. The compensation of every such special deputy, agent, clerk, assistant, attorney, or solicitor shall be fixed, and all expenses of taking possession of the property of the insurer and the administration thereof shall be approved, by the commissioner of insurance, all subject to the approval of the court, and shall be paid out of the funds or assets of the insurer. (Emphasis added).
The Commissioner maintains the appointment of attorneys to represent him when acting as a fiduciary of a financially distressed insurance company is governed by specific provisions of the Louisiana Insurance Code which provide for the liquidation or rehabilitation of failed insurance companies.[8] *615 Specifically, the Commissioner asserts La.R.S. 22:743 authorizes him to select legal counsel to assist him in all liquidation or rehabilitation proceedings.
In contrast, the Attorney General claims La.R.S. 49:258 and 22:743 complement rather than contradict one another. The Attorney General contends La.R.S. 49:258 provides for the appointment of attorneys, whereas La.R.S. 22:743 merely provides for their employment.[9] In the alternative, the Attorney General argues that La.R.S. 49:258 repeals by implication the language in La.R.S. 22:743 relating to the appointment of attorneys by the Insurance Commissioner in insurance insolvency proceedings.
We find no merit in the Attorney General's argument that the two statutes are not contradictory. Undoubtedly, the legislative intent of La.R.S. 49:258 becomes uncertain when read in connection with La.R.S. 22:743. Thus, when La.R.S. 22:743 is considered, the question before the court becomes whether the legislature intended to alter the method by which attorneys are selected to assist the Insurance Commissioner in insurance insolvency proceedings.
As liquidator or rehabilitator of an insurance company the Insurance Commissioner acts as an officer of the state to protect the interests of the public, the policy holders, the creditors, and the insurer. See, State v. Preferred Accident Ins. Co. of New York, 238 La. 372, 115 So.2d 384 (1959); LeBlanc v. Bernard, 554 So.2d 1378 (La. App. 1st Cir.1989). The Insurance Commissioner's role as such does not involve the assertion or protection of any state interest or right.[10] The interests served by the Insurance Commissioner are far removed from the state's pecuniary interest in defending claims brought against the state.[11] Accordingly, we believe that in passing La. R.S. 49:258, the legislature did not intend to allow the attorney general, an officer whose principal duties involve the assertion and protection of state rights and interests, to appoint attorneys to assist the Insurance Commissioner in insurance insolvency proceedings.
Although the above conclusion is adequately supported by the legislative intent behind the statute, we would be remiss if we did not analyze the conflict between the statutes in accordance with the rules of statutory construction. The Attorney General maintains La.R.S. 49:258, as the more recent expression of legislative will, supersedes any part of La.R.S. 22:743 regarding the appointment of attorneys. However, the Attorney General's position overlooks two important principles of statutory construction.
First, the Attorney General's argument ignores the nature and scope of the two statutes at issue. La.R.S. 22:743 is a specific statute applying to proceedings in which the Insurance Commissioner has been appointed liquidator or rehabilitator of an insolvent insurance company. La. R.S. 49:258, on the other hand, is a general statute which provides for the appointment *616 of legal representation by the attorney general in certain cases involving the state or a state agency.
Where there is no clear indication of legislative intent to repeal, a specific statute will not be repealed by a general one, regardless of the priority of enactment. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987); Macon v. Costa, 437 So.2d 806, 809-10 n. 3 (La.1983); James v. Orange Sav. & Loan Ass'n, 195 So.2d 183, 187 (La.App. 1st Cir.1967). There is absolutely no indication the legislature in enacting La.R.S. 49:258 intended to repeal or amend the method by which attorneys are selected to assist the Insurance Commissioner in insolvency proceedings. As stated previously, the legislative purpose behind La.R.S. 49:258 was to allow the attorney general to appoint private legal counsel in certain cases involving claims against the state.
Additionally, and perhaps more importantly, the Attorney General's position neglects the well established principle that repeal by implication is not favored and is justified only when two statutes are irreconcilable. Smith v. Trosclair, 321 So.2d 514 (La.1975); State v. Jones, 220 La. 381, 56 So.2d 724, 726 (1951); Wenk v. Anisman, 211 La. 641, 30 So.2d 567, 571 (1947). If two statutes can be reconciled by a fair and reasonable interpretation, we must read the statutes so as to give effect to each. Johnson v. Sewerage Dist. No. 2 of the Parish of Caddo, 239 La. 840, 120 So.2d 262, 268 (1960). Clearly, the statutes in this case can be reconciled by construing La.R.S. 49:258 as inapplicable to the appointment of counsel to represent the Insurance Commissioner when he is acting in his capacity as liquidator or rehabilitator of a financially troubled insurance company pursuant to the Insurance Code. The narrow construction we have given to La.R.S. 49:258 eliminates any possible conflict with La.R.S. 22:743 while affording each statute a fair and reasonable construction.

III. Conclusion
We hold La.R.S. 49:258 does not allow the Attorney General to appoint private legal counsel to represent the Insurance Commissioner when he is acting as liquidator, rehabilitator, or conservator of an insurance company pursuant to the provisions of Title 22 of the Louisiana Revised Statutes. By limiting the applicability of La.R.S. 49:258, we avoid the inconsistencies within the statute concerning the concurrence of the office of risk management while producing a reasonable result which harmonizes with the legislative purpose behind the statute as well as the provisions of La.R.S. 22:743.
For the foregoing reasons, the decisions appealed from are affirmed.
AFFIRMED.
NOTES
[1] By order of the Nineteenth Judicial District Court, dated December 14, 1988, the Commissioner of Insurance for the State of Louisiana was appointed rehabilitator of Louisiana Underwriters Insurance Company pursuant to La.R.S. 22:735-36.
[2] Under the provisions of Section 11 of Article 4 of the Louisiana Constitution, the Department of Insurance is a department of the executive branch of the state government. La. Const. of 1974, art. IV, § 11. Further, La.R.S. 36:681 provides in part: "The Department of Insurance shall be responsible for performing the functions of the commissioner of insurance and such other functions as are provided by law." Thus, a literal reading of the definition of "state agency" as defined in La.R.S. 49:258(3) includes the Commissioner of Insurance.
[3] The duties and responsibilities of the office of risk management are defined in La.R.S. 39:1535 which provides that the office of risk management is responsible for assisting in the defense of claims made against the state.
[4] Moreover, not only would the concurrence of the office of risk management in the appointment of private legal counsel to represent the Insurance Commissioner in liquidation or rehabilitation proceedings be nonsensical, it would establish a conflict of interest in those situations where the failed insurance company has a claim against the state which must be defended by the attorney general and the office of risk management.
[5] Specifically, Act No. 448 identifies the officials who have the authority to compromise and settle claims against the state or state agencies; establishes the various divisions of the Department of Justice; modifies existing law concerning the state's self-insurance fund; extends the duties and responsibilities of the office of risk management; provides for representation by the general counsel to the Department of Transportation and Development in all matters for which the attorney general does not provide representation; and establishes the duties and powers of the attorney general with respect to the legal representation of certain state agencies.
[6] When doubt exists as to the proper interpretation of a statute, the title or preamble may be used to determine legislative intent. State v. Madere, 352 So.2d 666, 668 (La.1977); Melancon v. Mizell, 216 La. 711, 44 So.2d 826, 831 (1950).
[7] La.R.S. 49:257 entitled "Legal representation of certain state agencies", specifically provides for the representation of the interests of the state "in all litigation arising out of or involving tort or contract" and in any proceeding "in which the constitutionality of a state statute or of a resolution of the Legislature is challenged or assailed."

Our interpretation is consistent with Section 8, Article 4 of the Louisiana Constitution, which defines the powers of the attorney general. Section 8 provides in part: "As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to institute, prosecute or intervene in any civil action or proceeding...."
[8] Pursuant to an insolvency scheme established by the Louisiana Insurance Code, once the court has entered an order directing the liquidation or rehabilitation of a domestic insurance company, the Insurance Commissioner is placed in possession of the property, business and affairs of such insurer and is responsible for rehabilitating or liquidating the company. La.R.S. 22:733 et seq. Subject to the approval of the court, the Insurance Commissioner may borrow money, sell assets, compromise claims, and bring lawsuits on the company's behalf. La.R.S. 22:737 and 22:740.
[9] The Attorney General does not dispute that it is within the discretion of the Insurance Commissioner to determine whether he needs to employ counsel in an insolvency proceeding. However, when the employment of private counsel is necessary, the Attorney General maintains that La.R.S. 49:258 directs how the attorneys are to be appointed.
[10] The fact that the expenses incurred by the Insurance Commissioner are paid "out of the funds and assets of the insurer" pursuant to La.R.S. 22:743 illustrates the Insurance Commissioner, in his role as liquidator or rehabilitator, represents the insurer's interests and not the state's.
[11] Indeed, there are often occasions when the company in liquidation has claims against the state or one of its agencies. Under such circumstances, the Insurance Commissioner, as a fiduciary on behalf of the failed company, its creditors and policyholders, has interests which are adverse to the state's pecuniary interests.