Dear Mr. Castille:
This office is in receipt of your request for an opinion of the Attorney General relative to the applicability of the provisions of the Teachers' Retirement System to a former teacher employed by Central Louisiana State Hospital (Central). You indicate the re-tired teacher was hired in a non-teaching capacity by Central who has no members of the Teachers' Retirement System as employees.
The Teachers' Retirement System contends that even if Central does not have any employees who are members of the Teachers' Retirement System, the Department of Health and Hospitals (DHH) does, and Central is a part of DHH. Therefore, it is contended by operation of R.S. 11:710, Central and retired teachers are subject to the Teacher's Retirement System Law.
DHH contends that neither it nor Central is an employer within the meaning of the statute since not one of the enumerated agencies in R.S. 11:701(10), does not hire any teacher as "teacher" as defined in R.S. 11:701(23), and does not have any employees who are teacher members of the system as "member" is defined in R.S. 11:701(12). It is urged those who are retirees are no longer members of the Teacher's Retirement System but are non-active, non-contributing members of the system. Those who quit their teaching profession but have at least five years of creditable membership in the system are allowed an option to remain in that system as opposed to joining some other statewide retirement system under R.S. 11:723.
You state the legal question is whether or not Central or DHH is an "employer covered by the system" within the meaning of R.S.11:707A when some former teacher exercises the personal option to remain in the teacher's system. Does the exercise of the option broaden the scope of the law such that "retirees" and "employers" become subject to the Teacher's Retirement System law even though by definition the DHH is not an employer and the employees exercising the option would not otherwise be eligible to be members of the system.
We feel the significant statute is R.S. 11:710, Retirees employed in the field of education, which provides as follows:
 Notwithstanding any other provision of law to the contrary, any person who retires from the Teachers' Retirement System of Louisiana and becomes employed or reemployed by any employer which has employees who are members of the Teachers' Retirement System, whether such employment is as an employee by contract or corporate contract, shall, upon such employment or reemployment, be governed with respect to retirement by the laws governing the Teachers' Retirement System of Louisiana.
This statute, formerly R.S. 17:578.1, was enacted by Act 589 of 1987, stating it was to enact R.S. 17:578.1 relative to the Teachers' Retirement System of Louisiana to provide with respect to reduction of benefits "of retirees employed in the field of education". As noted above the statute is entitled, "Retirees employed in the field of education."
It is obvious from the title of the statute and the act it was the intent of the legislature that it apply to retirees "employed in the field of education." While the title of an act is not a part of the statute, it may be used to determine the legislative intent. Broad language of a statute must be restricted if the legislature did not intend such an effect, and a reading of the act provides insight into the overall purpose and spirit behind the statute. Green v. La. Underwriters Ins. Co., 571 So.2d 610 (La. 1990); Melancon v. Mizell,216 La. 711, 44 So.2d 826 (1950).
Therefore, we would conclude in R.S. 11:710 the employment or reemployment of a retiree by an employer who has employees who are members of the Teachers' Retirement System has to mean by an employer "in the field of education" as expressed in the title. Otherwise, the title would have no meaning. Likewise, under R.S. 11:707 which refers to return to employment by an employee who returns to the system means returning to employment in the field of education covered by the Teachers' Retirement System. We cannot conclude it applies to any state agency that hires a retired teacher despite the fact that it in no way relates to the field of education.
We do not feel that fact that a former employee in the Teachers' Retirement System with five years of service who elects to exercise the option under R.S. 11:723 would change this conclusion, and would find the significant inquiry is if the employment or reemployment is in the field of education as recognize by statute.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR: cc: Steven L. Mayer, Esq.