Dear Senator Landry:
This office is in receipt of your opinion request of recent date relative to Act No. 643 of the 1995 Regular Legislative Session, to become effective September 1, 1995. The law amends and reenacts LSA-R.S. 32:295.1, pertaining to safety belt use, to provide in pertinent part:
 § 295.1. Safety belt use
 A.(1) Each driver of a passenger car, van, or truck having a gross weight of six thousand pounds or less, commonly referred to as a pickup truck, in this state shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion. The provisions of this Section shall not apply to those cars, vans, or pickups manufactured prior to January 1, 1981.
 (2) A person operating or riding in an autocycle shall wear seat belts while in forward motion.
 B. Except as otherwise provided by law, each front seat occupant of a passenger car, van, or truck having a gross weight of six thousand pounds or less, commonly referred to as a pickup truck in this state shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion, if a belt for his seating space has been provided by the manufacturer.
* * * * *
 F. No vehicle, the contents of the vehicle, driver, or passenger in a vehicle shall be inspected, detained, or searched solely because of a violation of this Section.
 G.(1) Any person who violates this Section subsequent to August 31, 1995, and prior to November 1, 1995, shall be given a warning ticket only. Subsequent to October 31, 1995, any person who violates this Section shall be subject to the following penalties:
 (a) Upon conviction of a first offense, the fine shall be twenty-five dollars which shall include all costs of court.
 (b) Upon conviction of a second offense, the fine shall be fifty dollars which shall include all costs of court.
 (c) Upon conviction of a third offense and any subsequent offense, the fine shall be fifty dollars plus all costs of court.
 (2) Notwithstanding any contrary provision of law, no other cost or fee shall be assessed against any person for a violation of this Section. LSA-R.S. 32:295.1; (Emphasis added).
LSA-R.S. 32:295.1(F) was amended to provide that a motor vehicle or its contents could not be "inspected, detained, or searched" solely as a result of such violation. Your concern centers around the use of the word "detain" in LSA-R.S.32:295.1(F), as you state a literal reading of this word out of context with the remaining language of the statute suggests that the vehicle may not be stopped for ticketing.
Reference to the preamble of Act 643 clarifies any ambiguity on this point, as the preamble provides:
 To amend and reenact LSA-R.S. 32:295.1(F) and (G), relative to the required use of safety belts; to allow vehicles and occupants to be stopped or searched because of failure to wear a safety belt; to provide for a period of time in which warnings shall be issued; and to provide for related matters. (Emphasis added).
When doubt exists as to proper interpretation of a statute, the title or preamble may be used to determine legislative intent. Green v. Louisiana Underwriter's Ins.Co., 571 So.2d 610 (La. 1990). In the case of Inre: Hamilton, 446 So.2d 463 (App. 4th Cir. 1984), the court resolved a conflict between the title and the text of the statute as follows:
 As to the statute in question, even assuming the conflict between the title and text of the statute creates an ambiguity, we find that the preamble to Act 246 of 1979, which created LSA-R.S. 22:613(D), clarifies any ambiguity and indicates the true intent of the legislature. That preamble provides in part:
 That a beneficiary, assignee, or other payee who intentionally contributes to the death, disablement or injury of the individual insured should not receive any benefits accruing from the insurer under any personal insurance contract . . .
The preamble further forbids [sic]
 The exclusion of deaths caused by the intentional actions of another, provided that such death was not caused by the actions of a beneficiary directly or indirectly . . . (Emphasis added); Hamilton, supra, at page 465.
 (6) This leaves no doubt that the phrase "criminally responsible" as used in the text of the LSA-R.S. 22:613(D), was intended to include situations such as that presented by this case, where a beneficiary does not intentionally and feloniously cause the death of the insured but is nonetheless held criminally responsible for that death.
In the instant case, there is a conflict between the language of LSA-R.S. 32:295.1(F) and the preamble of the Act. However, we find the rules of statutory construction as applied in Hamilton to be controlling. Herein, the preamble of Act 643 clearly indicates that a vehicle may be stopped because of the "failure to wear a safety belt", reflecting legislative intent to characterize this act as a primary traffic offense. Further support for this position is found within the text of the statute, as the law mandates that "each front seat occupant of a passenger car. . . . shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion" and further imposes penalties for first and subsequent offenses. See LSA-R.S. 32:295.1(B); LSA-R.S. 32:295.1(G)(1).
Thus, it is the opinion of this office that an individual may be stopped and ticketed for failure to wear a safety belt as provided in LSA-R.S. 32:295.1. It is also our opinion that LSA-R.S.32:295.1(F) merely imposes a limitation upon thefurther inspection, detention, or search of a vehicle solely because the occupant is without a safety belt.
Very truly yours,
 ___________________________ RICHARD P. IEYOUB ATTORNEY GENERAL
RPI:KLK:ams
Date Received: August 2, 1995
Date Released: August 17, 1995
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL