SAUNDERS, J.,
dissents and assigns written reasons.
JQThe majority opinion agrees with Jennifer’s assertion that La.R.S. 9:344 is inapplicable, because it only allows for grandparent visitation “[i]f one of the parties to a marriage dies, is interdicted, or incarcerated, and there is a minor child or children of such marriage.... ” After correctly analyzing La.R.S. 9:344 by noting that James Michale McMillin was divorced and not “party to a marriage,” the majority then goes on to assert that La.Civ.Code art. 136 is applicable, due to the “extraordinary circumstances,” of the case. This assertion is made, despite the fact that La.Civ. Code art. 136(C) specifically states, “ [i]n the event of a conflict between this Article and R.S. 9:344 or 345, the provisions of the statute shall supersede those of this Article.” Thus it would appear that, with or without an “extraordinary circumstance,” La.Civ.Code art. 136 cannot defeat the clear language of La.R.S. 9:344.
It is also clear that La.Civ.Code art. 136 cannot defeat the legal effects of a valid adoption. Louisiana Children’s Code Article 214(C), states in no uncertain terms, that:
*422 ... upon adoption: the blood parent or parents and all other blood relatives of the adopted person, except as provided by Ch.C. Article 1264, are relieved of all of their legal duties and divested of all of their legal rights with regard to the adopted person ... (emphasis added)
Thus, the McMillins, as parents of the divorced father whose child was | {.subsequently adopted, have been divested of “all their legal rights,” with regard to Emily. This analysis is consistent with our supreme court’s ruling in Smith v. Trosclair, 321 So.2d 514 (La.1975). In Smith, a maternal grandmother had a judgment granting her visitation with her . grandchildren whom had since been adopted by their father’s second wife. The court found that, “the decree of adoption procured by the defendant’s second wife judicially severed all of plaintiffs rights and duties vis-a-vis her grandchildren.” Smith v. Trosclair, 321 So.2d 514, 515 (La.1975).
To prevent the legal effects of adoption from being overly harsh, La. Ch.C. art. 1264 does provide a limited exception to the permanent severing of all legal ties with adopted children. La. Ch.C. art. 1264 states:
Notwithstanding any provision of law to the contrary, the natural parents of a deceased party to a marriage dissolved by death, whose child is thereafter adopted and the parents of a party who has forfeited the right to object to the adoption of his child pursuant to Article 1245 may have limited visitation rights to the child so adopted, (emphasis added)
Notably, the McMillins are unable to fit under this exception, because on March 2, 2004 their son, James Michael McMillin, chose to divorce his wife, Jennifer. Their child, Emily, was born just days later, on March 30, 2004. Divorce was granted on April 6, 2005, and James Michael McMillin died on August 2, 2006.
Louisiana Civil Code Article 9 — When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
The Louisiana Children’s Code and La. R.S. 9:344 are clear and unambiguous and should be applied as written in accordance with La.Civ.Code art. 9. While I am sympathetic with the McMillins’ desire to visit with Emily, I cannot escape the conclusion that the legislature, “manifestly intended to ^subordinate [the grandparents’] wishes to the necessity that the adoptive child become a full and complete member of [her] adoptive home.” Smith 321 So.2d 514, 516. Accordingly, I respectfully dissent.